**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **Criminal Action No. C-03-278** |
| | § | **(Civil Action No. C-10-107)** |
| **STEVEN REYNALDO PEREZ.** | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Steven Reynaldo Perez' ("Perez") motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255, along with his Memorandum of Law, Request for Evidentiary Hearing, Request for Hearing, and Application to Proceed Without Prepayment of Fees or Costs. (Dkt. No. 40-43.) The United States has filed its combined Response and Motion to Dismiss. (Dkt. Nos. 59, 60.) Perez filed a motion for summary judgment (Dkt. No. 61); the United States responded and filed a motion to dismiss (Dkt. Nos. 62, 63). Perez also filed a motion for leave to file his *Pro Se* Motion to Subpoena Persons along with its attachments, a motion for extension to file his reply, and a motion for leave to file. (Dkt. Nos. 64, 65.) Perez has not filed a Reply. He has filed a motion to consolidate these proceedings with other filings attacking his state court conviction and a civil tort action, a memorandum in support, and a motion for hearing. Dkt. No. 66-68. This Court has already ruled on some of Perez' procedural motions and those motions will not be addressed further. *See* Orders dated April 16, 2010 (Dkt. No. 46), May 25, 2010 (Dkt. No. 54).

For the reasons set forth herein, Perez' § 2255 motion (Dkt. No. 40) is DISMISSED WITH PREJUDICE, his motion for summary judgment (Dkt. No. 61) is DENIED, his motion for leave and his Motion to Subpoena Persons (Dkt. Nos. 64, 64-1) are DENIED, his motion to consolidate and

1

motion for hearing (Dkt. Nos. 66, 68) are DENIED, his motion for extension to file a Reply (Dkt. No. 65) is DENIED as moot, and he is DENIED a Certificate of Appealability.

## I. BACKGROUND

In 2003, Perez pleaded guilty to one count of knowingly and intentionally possessing with intent to distribute approximately 124.5 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Dkt. Nos. 7, 8.) Perez was sentenced in 2004 to 27 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term, fined $200, and a $100 special assessment ordered. (Dkt. No. 15.) Judgment of conviction was entered on February 18, 2004. (Dkt. No. 17.) Perez did not appeal.

Perez served his sentence and was released on supervision. While he was on supervised release, the United States Probation Office filed an original and two superseding petitions alleging violations of the terms of his supervision. (Dkt. Nos. 23–25.) The second superseding petition referenced multiple violations of the terms of his supervised release. The first violation was Perez' conviction for murder in Nueces County, Texas in April 2008. According to the petition, he received a sentence of sixty (60) years imprisonment for that conviction. (*Id.*) The second violation was Perez' indictment for felon in possession of the firearm used in the murder which was set for trial in June 2008, arising from the same incident as the murder conviction. (Dkt. No. 25 at 2.) Violation three alleged that Perez used cocaine and Xanax on three separate occasions. Violation four alleged that he violated the drug treatment program rules and regulations. Violation five alleged that he failed to report that he was questioned by law enforcement officers within 72 hours of questioning and violation six alleged that his admitted presence at the scene of the murder violated his night time restriction. (*Id.* at 3–4.)

The original warrant for Perez' violation of the terms of his supervised release was issued January 9, 2007. (Dkt. No. 23.) That warrant was returned unserved on July 28, 2008. (Dkt. No. 33.) The second warrant was issued June 2, 2008, based upon the second superseding Probation Form 12C, and it too was returned unserved. (Dkt. No. 31.)

Perez was brought before the federal Magistrate Judge for the first time on June 30, 2008, pursuant to a writ of Habeas Corpus ad Prosequendum issued on June 20, 2008. (Dkt. Nos. 27, 28.) At that preliminary revocation hearing, Perez was appointed counsel for his revocation proceedings. (Dkt. No. 30.) The final revocation hearing was held on July 17, 2008. (Dkt. No. 34.)

At the final revocation hearing, Perez pled true to violations 3-5 (controlled substance abuse, violating drug treatment rules and requirements, and failing to notify Probation within 72 hours of questioning by law enforcement), not true to violations 1-2 (murder and felon in possession), and stood silent on violation 6 (violation night time restriction). (Dkt. No. 57 at 9–15.) The government introduced the judgments of Perez' convictions for murder and felon in possession and proffered witness testimony that would establish the violation of night time restriction. Perez did not object. (*Id.* at 16–17.) The Court found the allegations against Perez to be true on all six counts. (*Id.* at 18.) Perez was sentenced on July 17, 2008, to 24 months in the custody of the Bureau of Prisons, to be served consecutive to any sentences for state offenses. (Dkt. Nos. 34, 36.) Perez' counsel requested that Perez receive credit on his federal sentence for the time he spent in state custody pending the hearing on his federal warrant, but acknowledged that Perez would get credit on his state sentence for that time. (*Id.* at 21.) Counsel further acknowledged that Perez was only arrested by state authorities, although he could have been arrested by federal authorities pursuant to the warrant issued in January 2007. (*Id.*) Perez was advised of his right to appeal. (*Id.* at 22.) Judgment was

3

entered on the docket on July 22, 2008. (Dkt. No. 36.) Perez did not appeal, but filed this motion on April 6, 2010. (Dkt. No. 40.)[1]

## II. MOVANT'S ALLEGATIONS

Perez claims that he was denied counsel at a critical stage in the federal proceedings. He claims also that his consecutive sentence was improper and that 18 U.S.C. § 3585(b) results in double punishment and as applied to him is unconstitutional. Finally, Perez complains that his sentence was a result of judicial bias because the federal sentencing judge acted in concert with the state judge in his murder case to deprive Perez of his constitutional rights under the 4th, 5th and 14th amendments to the constitution. (Dkt. Nos. 40, 41.)

## III. ANALYSIS

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). Furthermore, a defendant may not raise an issue for the first time on collateral review without first showing "cause" for the procedural default, and "actual prejudice" resulting from the error. *United States v. Pierce*, 959 F.2d 1297, 1301

---

[1] Perez' certificate of service reflects mailing on April 6, 2010. A confined inmate is entitled to the mailbox rule and his filing is deemed timely if deposited in the prison mail on or before the due date. Rule 3(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2010).

4

(5th Cir.1992). The "cause and prejudice standard presents a 'significantly higher hurdle'" than the plain error standard applied on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982)."[A] collateral challenge may not do service for an appeal." *Id.* at 165.

**B.     Statute of Limitations § 2255**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[2] 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

At the time Perez was sentenced, a defendant was required to file a notice of appeal from a criminal judgment not later than ten days after entry of judgment. FED. R. APP. P. 4(b). The ten-day period for appealing did not include intermediate Saturdays, Sundays and legal holidays.[3] Calculated under Rule 26 in effect at that time, then, ten days after July 22, 2008, was Tuesday August 5, 2008.

---

[2] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

[3] At the time the judgment was entered against Perez, Rule 26(a), Fed. R. App. P., provided that when calculating time under the Federal Rules of Appellate Procedure, a litigant should "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days."

Perez' conviction became final when the time for filing an appeal expired, or on Tuesday, August 5, 2008. He had one year from that date, or until August 5, 2009, to file his § 2255 motion. Perez' § 2255 motion was filed April 6, 2010, more than eight months late, and is untimely.

Although Perez acknowledges that his motion is untimely, he claims that the Court should nonetheless address it on the grounds that he filed a motion pursuant to 28 U.S.C. § 2241 (challenging the calculation of his sentence) which should stop the clock on his § 2255 motion. The filing of a section 2241 does not operate to toll the statute of limitations applicable to a section 2255 motion. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). That provision refers to state collateral review, not federal. *See also Jimenez v. United States*, 2002 WL 1870060 at * 2 (S.D.N.Y., Aug. 14, 2002) (unpublished).

Perez also claims the right to equitable tolling on the grounds that he did not know of the unconstitutional basis for his state court prosecution until July 2009. (Dkt. No. 41 at XII.) Although the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Perez must show that 1) he has diligently pursued his rights, and 2) some extraordinary circumstance stood in his way. *Id.* Perez' claim to equitable tolling fails. He knew that his federal supervised release was revoked on multiple grounds, not solely based upon his murder conviction. Perez has not alleged any extraordinary circumstances that prevented his timely filing of his § 2255 motion. Accordingly, the Court concludes that Perez'

6

failure to file his § 2255 motion within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred.

**C.     Perez' Claim That He Was Denied Counsel During a Critical Stage of the Proceedings**

Perez claims that he was denied counsel during a critical stage of the proceedings which he claims is the period between the issuance of the unserved revocation warrant in January 2007 and his appearance before a federal Magistrate Judge in June 2008. There is no hard and fast constitutional requirement that counsel be provided for revocation proceedings. *Gagnon v. Scarpelli*, 411 U.S. 778, 789-90 (1973); *see also Pennsylvania Bd. of Pardons & Parole v. Scott*, 524 U.S. 357, & n.5 (1998) (full panoply of due process rights not due parolee in the same manner as due a criminal defendant); *United States v. Grandlund*, 71 F.3d 507, 509 n.5 (5th Cir. 1995) ("The same due process rights granted to those facing revocation of parole are required for those facing revocation of supervised release."). There is no clear command that counsel be provided and revocation is not considered a critical stage of the proceedings. *See Gagnon*, 411 U.S. at 789–90. Nevertheless, this Court assumes, but does not decide that Perez was constitutionally entitled to counsel at the final federal revocation proceedings. The Federal Rules governing revocation proceedings provide for the right to counsel at the revocation hearing (not the initial or preliminary hearing). FED. R. CRIM. P. 32(b)(2)(D) (entitled to notice of his right to retain counsel)

Although a federal arrest warrant was issued for him in January 2007, that warrant was never served. (Dkt. No. 33.) Perez did not come into federal custody on the motion to revoke his supervised release until June 30, 2008. (Dkt. No. 27.) On that day he was taken before a federal Magistrate Judge and was appointed counsel. (Dkt. No. 30.) At his initial appearance, Perez was furnished with a copy of the petition and read the allegations against him. 06/30/2008, Digital Recording System 11:31:41-34:33. Perez acknowledged he had been given a copy of the petition

7

and he understood the allegations against him. During that hearing, Perez requested and was appointed counsel. *Id.* at 11:34:53-35:26. Based upon the record of the proceedings, Perez was appointed counsel at the preliminary hearing, weeks before the final hearing.

Perez also claims that he needed counsel when the original violation warrant was issued and before the final hearing. Perez' claim is not supported by authority. It is the execution of the violator warrant and custody under that warrant that triggers the loss of liberty, and resulting rights to due process, not the unserved existence of the warrant. *See Moody v. Daggett*, 429 U.S. 78, 86 (1976).[4] A person whose supervised release may be revoked is not constitutionally entitled to a revocation hearing immediately upon the issuance of a violation warrant. *Id.* at 89.

The facts in *Moody* are illustrative. While the defendant in *Moody* was on federal parole, he was convicted of two murders on federal land. A federal detainer was issued and lodged with the federal prison while he was serving his murder sentences, but the warrant was not served. Moody requested that the warrant be served. He was advised that the governing Board did not intend to serve the warrant until completion of his sentence. *Id.* at 81. Four years after the lodging of the unserved detainer, Moody filed a federal habeas action seeking dismissal of the warrant on the grounds that he had been denied a prompt hearing. Id. The Supreme Court held that there was "no requirement for an immediate hearing." *Moody*, 429 U.S. at 86.

Perez received all the process he was due. He was appointed counsel immediately after he was brought into federal custody and had counsel during the weeks between his initial appearance

---

[4] "Accordingly, and without regard to what process may be due petitioner before his parole may be finally revoked, we hold that he has been deprived of no constitutionally protected rights simply by issuance of a parole violator warrant. The Commission therefore has no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant." *Id.*

in federal court through his revocation hearing. This ground fails on the merits as well as being untimely.

**D.     Perez' Claims Regarding His Consecutive Sentence**

Perez claims both that his consecutive sentence on revocation of his supervised release was improper and that the statute allowing a consecutive sentence is unconstitutional because it punished him twice for the same conduct. The Sentencing Guidelines Manual provides policy statements for the guidance of the courts in revocation proceedings. *See* U.S.S.G. Ch. 7, Part A (2008 ed.). The policy approach is to punish a violator for the breach of trust occasioned by the violation of his conditional liberty, *i.e.* supervised release. *Id.* The Policy also recommends that sentences upon revocation are to be served consecutively to any other applicable sentence. *Id.* Part B, Introductory Commentary.[5]

Even if Perez' current filing was timely, Perez' complaints about the manner in which his sentence was imposed are not cognizable pursuant to 28 U.S.C. § 2255. An alleged misapplication of the Sentencing Guidelines is not cognizable in a § 2255 motion. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir.1999); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1996); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (holding that "a district court's technical application of the guidelines does not give rise to a constitutional issue cognizable under § 2255").

Perez' constitutional challenge is likewise foreclosed. No objection was made in the trial court and the issue was not brought on appeal. Perez has not attempted to demonstrate any impediment to his filing of this claim, nor has he shown cause and prejudice to allow him to raise

---

[5]    "Under 18 U.S.C. § 3584, the court, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), including applicable guidelines and policy statements issued by the Sentencing Commission, may order a term of imprisonment to be served consecutively or concurrently to an undischarged term of imprisonment. It is the policy of the Commission that the sanction imposed upon revocation is to be served *consecutively* to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation." *Id.* (emphasis added).

this issue now. *Bousely v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001).

### E.     Perez' Claims of Judicial Bias

Perez claims that his 24 month sentence on revocation of his supervised release was a result of judicial and racial bias. He further claims that his rights under the 4th, 5th and 14th amendments of the United States Constitution were violated on the grounds that he was arrested without a warrant, he was not furnished counsel, the court refused to consider bond, failed to inform him of the charges against him, and intentionally delayed his sentencing hearing in the revocation proceeding.

Perez' revocation was based on six separate violations of the terms of his conditions of release, including violation of his drug treatment rules and regulations, continued use of controlled substances, a violation of his night time curfew, and convictions for murder and felon in possession of a firearm. A review of the revocation hearing reveals no suggestion of judicial bias, but rather application of the Sentencing Guidelines to a defendant who demonstrated his inability to comply with the terms of his supervised release.

Perez claims that he was denied a bond hearing. Perez never requested a bond hearing. Moreover, by the time he was brought into federal custody, he was convicted and sentenced to 60 years on his state murder charge.

Perez both claims that he was arrested without a warrant and also that the warrant for his arrest for the revocation proceedings was not promptly served. He makes further complaints about his state court arrest. Perez' complaints regarding his state court proceedings are not before this Court in this cause, but are part of another proceeding. Perez was brought to federal court on a federal writ, not an arrest warrant. In effect he was borrowed from state authorities for his federal

proceedings. When Perez appeared in federal court, he was served with a copy of the charges against him and appointed counsel at his request. (Dkt. Nos. 27, 28, 30.) Perez' complaints about alleged delay in appointment of counsel and his revocation hearing are addressed in subsection IV(C), *infra*. The trial court had no constitutional obligation to serve Perez' revocation warrant at any particular time or to hold the revocation sentencing proceedings promptly. *See Moody*, 429 U.S. at 89.

Although Perez claims that the sentencing court was motivated by judicial and racial bias, he furnishes no evidence in support of that claim regarding events in federal court other than his claim of unwarranted delay. Perez' claim that federal judicial bias caused his 24 month sentence is without merit and is also untimely.

### E.  Perez' Procedural Motions

Perez has filed several procedural motions during the pendency of his § 2255 proceedings. Perez filed a motion to subpoena persons and documents during this proceeding. (Dkt. Nos. 64, 64-1.) He has been denied an evidentiary hearing.[6] Although an evidentiary hearing may be held if necessary to resolve disputed issues of fact in a § 2255 proceeding, Perez' motion for hearing has been denied by written order. *See* Rule 8, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2010), and advisory committee notes to RULE 8 RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2010) (incorporated by reference to section 2255 rules). Discovery may also be permitted for good cause shown. *See* Rule 7, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES

---

[6] Initially Perez filed a motion for evidentiary hearing, (Dkt. No. 42), which was denied by Order dated April 16, 2010. (Dkt. No. 46.) Perez has since filed a motion for reconsideration of that Order. (Dkt. No. 50.) The motion for reconsideration was denied by order dated May 25, 2010. (Dkt. No. 54.)

DISTRICT COURTS (2010). Perez has not demonstrated good cause[7] and the majority of the persons and documents he seeks to subpoena relate to his state court criminal proceedings which are not relevant here. Perez' motion for leave and motion to subpoena persons (Dkt. Nos. 64, 64-1) are DENIED.

Perez filed a motion for summary judgment on the grounds that he had not received the government's response timely. The government responded to the motion and sought its dismissal on the grounds that it timely served Perez. The government's claim is supported by its electronic filing on July 15, 2010. (Dkt. No. 59.) Perez' motion for summary judgment (Dkt. No. 61) is DENIED.

Perez filed a motion to consolidate his § 2255 motion with his motion challenging his state court judgment pursuant to 28 U.S.C. § 2254, and his civil rights proceeding pursuant to 42 U.S.C. § 1983. (Dkt. No. 66.) Each of the statutory bases for Perez' claims are different, each statute is intended to remedy different wrongs, and each suit involves different parties. The motion (Dkt. No. 66) is DENIED, along with the motion for hearing (Dkt. No. 66).

In August 2010, Perez filed a motion for a thirty day extension to file his reply. (Dkt. No. 65.) Although he has filed a number of documents since that time, Perez has not sought to file a reply. His motion for extension (Dkt. No. 65) is DENIED as moot.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §

---

[7] Of the 34 persons he seeks to subpoena, 33 are persons involved in his state court proceedings. Roger Perez, his Probation Officer, was present at the revocation hearing which has been transcribed and made available to defendant Perez in this proceeding. Of the 11 documents Perez seeks, only four are related to these proceedings and they are filed of record. Perez could have requested copies form the Clerk's office, but did not do so.

2253(c)(1)(A). Although Perez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious").

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

For the reasons stated in this Order, Perez has not made a substantial showing of the denial of a constitutional right. Accordingly, Perez is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, Perez' § 2255 motion ((Dkt. No. 40) is DISMISSED WITH PREJUDICE; his motion for summary judgment (Dkt. No. 61) is DENIED; his motion for leave and his motion to Subpoena persons (Dkt. Nos. 64, 64-1) are DENIED; his motion to consolidate (Dkt. No. 66) is DENIED, as is his motion for hearing (Dkt. No. 68); his motion for extension to file a Reply (Dkt. No. 65) is DENIED as moot; and he is DENIED a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 6th day of April, 2011.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE